# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | |
| ENERGY FUTURE HOLDINGS CORP., et al., | Bankruptcy Case No. 14-10979 |
| Debtors. | |
| MICHAEL CUNNINGHAM, et al. | |
| Appellants, | |
| v. | C. A. No. 15-1218-RGA |
| ENERGY FUTURE HOLDINGS CORP, et al. | |
| Appellees. | |

FILED

FEB - 3 2016

U.S. DISTRICT COURT DISTRICT OF DELAWARE

## **RECOMMENDATION**

At Wilmington this 3rd day of **February, 2016**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which involved a joint letter from the parties and teleconference with counsel on January 28, 2016, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

It was clear during the teleconference, the parties have strong, divergent views regarding the strengths and weaknesses of their respective positions.

The underlying bankruptcy matter involves the reorganization of 70 Debtors. Appellants filed class proofs of claim and sought to certify a class to protect the claims of persons exposed to asbestos from four of the Debtors' asbestos-containing products who in the future may fall ill from asbestos-related illnesses post-confirmation ("Unmanifested Asbestos Claimants"), and who did not filed individual proofs of claim prior to the court-imposed bar date. Their appeal is from a Bankruptcy Court order confirming the Debtors' reorganization plan which discharges claims of the Unmanifested Asbestos Claimants who did not filed proofs of claims, but reinstated claims for which a timely proof of claim was filed. Prior to the confirmation, Appellants sought class certification and filed their class proofs of claim in an attempt to preserve the claims of the Unmanifested Asbestos Claimants in the class. They note that the confirmation order is the subject of a separate appeal pending in this court. Appellants argue in support of mediation that the appellant relief sought is to protect the due process rights of members of the class and to prevent their claims from being discharge without constitutionally adequate notice. They contend that the Appellants did not receive notice and learned of the situation by accident.

Appellees feel that there was no middle ground available, based on Appellants' position on settlement, noting that the Bankruptcy Court established a December 14, 2015 bar date for all asbestos-related claims, including those not manifested, that is individuals who have not suffered any physical injury, approved the Debtors' notice plan for such claims and confirmed a plan of reorganization discharging any untimely-filed

2

claims. They view Appellants' motion for class certification, which is the subject of this appeal, to be an attempt to overturn the Bankruptcy Court's asbestos bar date and allow any unmanifested claimant to bring suit against the Debtors for pre-petition asbestos exposure, whether they filed a timely claim. Appellees are not agreeable to that proposal or any other proposal that circumvents the bar date and notice plan for such claims or prevents the discharge of untimely claim. They view the requested relief by Appellants as all-or-nothing.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. During the teleconference, the parties were advise of their right to file objections pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE